## Thompson *v.* DeLong, Appellant.

*Party walls—Expert witnesses — Conflicting testimony — Case for jury.*

Where expert witnesses differ as to the proper method of locating a line, separating two parcels of real estate, the case is for the jury and a verdict for the plaintiff will be sustained.

*Evidence—Admissibility—General objection.*

If the facts assumed in a question to an expert are incorrect, it is the duty of counsel objecting, to indicate that that was the basis of his objection. In such case the court is entitled to a distinct statement of the ground on which the objection rests, and in default of such objection the ruling of the court will be sustained on appeal.

*Appeals—Question not raised in court below.*

Where no exception was taken to the charge of the court the objection will not be considered, de novo, on appeal.

Argued Oct. 14, 1918.   Appeal, No. 161, Oct. T., 1918, by defendant, from judgment of C. P. No. 1, Philadelphia Co., Dec. T., 1916, No. 3917, on verdict for plaintiff in the case of W. Austin Thompson v. John W. DeLong, defendant, deceased, J. Wayne DeLong, Admr. c. t. a., substituted of record.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Trespass for alleged encroachment over division line. Before PATTERSON, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $825 and judgment thereon. Defendant appealed.

*Errors assigned,* amongst others, were the admission of testimony of John W. Emory as an expert witness, answers to points quoted in the opinion of the Superior Court, and refusal of defendant's motion for judgment n. o. v.

*David J. Myers,* for appellant.—The witness, Emory, did not qualify as an expert and his testimony should have been stricken out: Struthers v. R. R., 174 Pa. 291; Dawson v. Pittsburgh, 159 Pa. 317; Baker v. Pittsburgh, etc., R. R. Co., 219 Pa. 398; White v. The Penna. R. R. Co., 229 Pa. 480; Yardley v. Culbertson, 108 Pa. 395.

The court erred in its instructions as to the party wall: Hart et al. v. Kucher, 5 S. & R. 1; Kirby v. Fitzpatrick, 168 Pa. 434; May v. Pendergast, 2 Dist. R., 613; Dunlap v. Reardon, 24 Pa. Superior Ct. 35.

*Frederick H. Warner,* for appellee, cited: Medara v. DuBois, 187 Pa. 431; Dunlap v. Reardon, 24 Pa. Superior Ct. 36; McGlumphy v. Lentz, 69 Pa. Superior Ct. 36.

OPINION BY TREXLER, J., March 12, 1919:

The parties to the action were respectively owners of abutting lots on Chelten avenue and on each lot there was erected a dwelling house, separated from the other by a dividing wall, the two houses being what are commonly called, twin houses. They were built back from the street about twenty feet and the center wall had been in place since 1884. The defendant tore down his house and in place thereof erected a garage which extended along the old wall and beyond it at both ends. It is claimed that the defendant in the space beyond the wall went over the line and thus occupied ground which he

had no right to.   It became therefore, important to both parties to prove where the dividing line of the property was located.   The plaintiff claimed that the middle of the old wall was the proper line, that the wall was a party wall, a monument on the ground, and that having been in place since 1884, even if not located properly with reference to the title papers, became a line by prescription.   The defendant rested on his deeds which show that he was on his own ground when he extended his building beyond the old wall.

The first four assignments are directed to the admission of testimony of John W. Emory, a builder.   The defendant strenuously objected that this witness was not qualified sufficiently to give testimony as to the location of the center line of the wall.   He testified that he was a practical builder of thirty years' experience, employed as an expert by the city for a long number of years and presumably, able to fix the location of the center of the wall. Defendant's objection seems to be to the method he employed in ascertaining the location of the line, that it was not the one that was employed by expert surveyors. We do not think there is any merit in the objection.   The witnesses for the defendant admitted that the method employed by the witness (Emory) could be used and even if they were to condemn it entirely it would not render his testimony incompetent.   It was for the jury to decide which was the proper method to employ.   It is not unusual for experts upon different sides of a case to condemn the methods employed by others.   As to their rival claims the jury must decide.   One witness may measure a distance with the ordinary yard stick and another may use a steel tape and the latter may cast doubt upon the accuracy of the results of the first witness but this will not render the first incompetent.   The court could not upon motion strike out the testimony of the first witness. His testimony may be discredited but its effect is for the jury.   So we think in the case before us the court could not strike out the testimony of the witness.   It had to go

to the jury and if they believed his method of ascertaining the center line produced correct results, they had a right to make it the basis of their verdict.

The next assignment is directed to the opinion of a witness as to the value of the property and the damages resulting from the alleged encroachment. The objection was a general objection. The witness had qualified as an expert and it seems now that the reason for the objection was that the question put to him assumed that there had been an encroachment of seven and one-half inches. The witness certainly was qualified to answer. He could give the value of the property and could also estimate the damages. If the facts assumed in the question were incorrect, it was the duty of counsel of defendant to indicate that that was the basis of his objection. In such a case the court was entitled to a distinct statement of the grounds on which the objection rested. See Philadelphia Housewrecking Company v. Nolen, 252 Pa. 443.

The sixth, seventh and eighth assignments are directed to the refusal of some of the defendant's points. The court had affirmed three points having reference to the official survey. The first point declined was "(4) Even allowing plaintiff said two inches, the defendant had the legal right to go an additional four and one-half inches from the center of the old wall around the front and rear thereof." This was refused with these words, "The fourth I refuse, because it is a question for the jury to determine whether or not the old wall, as the plaintiff's witnesses testified, has been there for twenty-one years, and if so, then the dividing line would be the center of the old wall, and if the new wall is as plaintiff's witnesses testify, beyond the line which would represent the center of the old wall more than the six and one-half inches, then there would be an encroachment." This answer to the point gave the defendant all that he could ask. It correctly stated his theory of the case. The court may have preferred its language to that of the point for the latter might have been misunderstood

by the jury. The answer to the point clearly gave the defendant the right to the six and one-half inches along the dividing line, namely the center of the old wall.

The other point declined was "(5) The official survey shows that defendant did not encroach more than said four and one-half inches from said center." We cannot say that the court erred in refusing this point. If it had been framed as the others were, "that if this survey is correct," it could have been affirmed, but it admits of a construction that the official survey established the fact and in this it was faulty.

At the argument there was great stress laid upon the fact that the court in its charge told the jury that if they ascertained that the center of the old wall was the correct line of division, such line extended in a straight line from one street to another, the entire length of the property, evidently relying upon the cases of Western National Bank's App., 102 Pa. 171, and Medara v. DuBois, 187 Pa. 431. It is now argued that, as there was a fence and a wall along the property line beyond the old wall that they were monuments on the ground and were to be considered as well as the old wall. There may be force in this position but there was no exception taken to the charge of the court and the question cannot be raised de novo in this court: Zentmyer v. Zentmyer, 69 Pa. Superior Ct. 496.

The judgment is affirmed.