## Thompson *v.* DeLong, Appellant.

*Real estate—Encroachment—Party walls—Damages—Effect of verdict and judgment.*

Where the verdict of a jury established the fact that the defendant's buildings encroached on the plaintiff's land, such verdict fixed the damages sustained thereby and covered the actual encroachment when suit was brought, and the plaintiff having claimed damages for a permanent injury, the judgment in the action will be a bar

to any future action against the defendant by the plaintiff, or his successors in title, for said encroachment.

But title to the plaintiff's land does not pass to the defendant and still belongs to the plaintiff, subject to the permanent and continuing servitude imposed upon it by the defendant's construction. A defendant cannot insist that a deed be made to him for the land alleged to have been built upon, or even for the land actually encroached upon, nor has a court of common pleas any power or authority to order the execution of such a deed.

*Real estate — Encroachment — Lien creditor — Money paid into court.*

A trespasser, without the concurrent action or joinder of a lien creditor, and against the protest of the owner of the land, cannot solely for his own protection, pay a judgment into court and toll the fund with the costs of distribution. A lien creditor, if his security is affected or imperilled by the taking of land covered by his lien, may ask the protection of the court in the distribution of the fund, but the same rule does not apply to the defendant in the trespass.

Argued October 7, 1919. Appeal, No. 194, Oct. T., 1919, by defendant, from final decree of C. P. No. 1, Philadelphia Co., December T., 1916, No. 3917, in the case of W. Austin Thompson v. John W. DeLong, deceased, J. Wayne DeLong, Administrator c. t. a., substituted of record. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and KELLER, JJ. Affirmed.

Petition and rule for leave to pay into court for proper distribution to lien creditors, the amount of judgment, interest and costs, recovered in a prior suit between the parties.

The opinion of the Superior Court states the case.

The court discharged the rule. Defendant appealed.

*Error assigned* was the decree of the court.

*David J. Myers,* for appellant.

*Frederick H. Warner,* for appellee.

OPINION BY KELLER, J., December 1, 1919:

This proceeding grew out of an action in trespass between the same parties reported in 71 Pa. Superior Ct. 282. The action was brought by the plaintiff to recover damages for an alleged encroachment on his land by the defendant in the erection of a garage. The plaintiff's statement averred a permanent trespass and resulting permanent injury to his property, and the case was tried in the court below on that theory, resulting in a verdict for the plaintiff of $825. On appeal to this court the judgment was affirmed. It happened that the plaintiff's property was encumbered with two mortgages. The present defendant (administrator, etc., of the original defendant in the action) thereupon presented his petition to the court of common pleas praying (1) for leave to pay the judgment and interest due into court and that upon such payment the court should direct said judgment to be marked satisfied of record; (2) that the amount so paid into court be distributed under the equitable powers of the court to the parties entitled thereto upon such directions for the release of mortgage liens, taxes, etc., as would protect the defendant and the land covered by the plaintiff's action from the possibility of further damages for the taking thereof; (3) that the court direct the plaintiff and his wife to execute and deliver to the defendant a deed in fee simple for so much of the plaintiff's lot as was covered by said record; and averring that by the record he was entitled to a deed for a strip of land seven and a half inches wide for the full depth of the lot. The plaintiff filed an answer denying the defendant's right to the relief prayed for, but averring (as was also set forth in the petition) that the plaintiff had offered the defendant a deed and release of mortgage for a strip of land twenty feet long by seven and a half inches wide, which it was alleged was all that was actually encroached upon by the defendant's building. The court discharged the rule without an opinion.

It will be noted that the petition for payment of the money into court was not filed or joined in by the mortgage creditors; they are raising no objection to the payment of the judgment to the plaintiff or to the effect of such payment upon the security of their loans. The application is made by the trespasser, on the theory that payment of the judgment will entitle him to a fee simple title, free and clear of encumbrances, for the land alleged in the plaintiff's statement to have been encroached upon by the defendant's building. No such effect attaches to the judgment in the action.

The verdict of the jury established the fact that the defendant's building encroached on the plaintiff's land and fixed the damages sustained by the plaintiff by reason of such encroachment. And the verdict covered the actual encroachment when suit was brought, whatever it might be and whether more or less than the averments in the plaintiff's statement; and the plaintiff having claimed damages for a permanent injury and the trial having been conducted on that theory, the judgment in the action will be a bar to any future action against the defendant by the plaintiff, or his successors in title, for the same encroachment: Carpenter v. Lancaster, 212 Pa. 581; Hankey v. Phila. Co., 5 Pa. Superior Ct. 148. But title to the plaintiff's land does not on that account pass to the defendant; it is still the plaintiff's subject to the permanent and continuing servitude imposed upon it by the defendant's construction: Linton v. Armstrong Co., 29 Pa. Superior Ct. 172. It follows therefore, that the court below had no power or authority to order the plaintiff and his wife to execute and deliver to him a deed for the land alleged in the plaintiff's statement to have been built upon or even for the land actually encroached upon by such construction.

Nor did it err in refusing to permit the amount of the judgment to be paid into court and distributed under the court's direction. The cases relied upon by the appellant do not sustain his contention. Phila. & Reading

R. R. v. Penna. Schuylkill Valley R. R., 151 Pa. 569, was a proceeding in eminent domain, where the defendant had followed strictly the requirements of the statute, and therefore on payment of the damages awarded the plaintiff, was entitled to an unencumbered title to its right-of-way: see p. 575. In DeWitt v. Railroad Co., 21 Pa. Superior Ct. 10, which was an action in trespass for damages to plaintiff's real estate caused by a spark from defendant's engine, the money was apparently paid into court at the instance, or certainly with the consent, of the owner and the lien creditors in order that the question of its distribution might be submitted to the court. We have found no instance in which a trespasser, without the concurrent action or joinder of the lien creditor, and against the protest of the owner of the land, was permitted, solely for his own protection, to pay a judgment into court and toll the fund with the costs of distribution. A lien creditor, if his security is affected or imperilled by the taking of land covered by his lien, may ask the protection of the court in the distribution of the fund: City of Philadelphia v. Dyer, 41 Pa. 463; Reese v. Addams, 16 S. & R. 40; but the same rule does not apply to the defendant in the trespass.

The assignments of error are overruled and the order of the court below is affirmed.