## Minnenberg v. Rash, Appellant.

*Practice, Superior Court—Appeals—Question not raised in court below—Advertising—Sales Act of 1915, P. L. 543—Question of fact.*

The Superior Court will not consider, upon appeal, questions not raised in the court below.

The Sales Act of May 19, 1915, P. L. 543, has no application to a contract for advertising space in a newspaper.

Failure to register a "fictitious" name, as required by the Act of June 28, 1917, P. L. 645, cannot be set up as a ground for reversal, on appeal, where the defense was not raised by the pleadings in the trial court, and was expressly disclaimed by counsel at the trial.

The only question properly presented for review upon an appeal being an issue of fact, as to whether the defendant contracted as an individual in his own right or as the representative of a corporation, and that question having been properly submitted to the jury for determination, the judgment for plaintiff will be affirmed.

Argued March 16, 1922. Appeal, No. 11, Oct. T., 1922, by defendant, from judgment of Municipal Court of Philadelphia Co., Dec. T., 1920, No. 122, on verdict for plaintiff, in the case of Benjamin Minnenberg v. Hyman Rash. Before ORLADY, P. J., PORTER, HENDERSON, KELLER and LINN, JJ. Affirmed.

Assumpsit on contract for advertising space. Before CRANE, J.

The opinion of the Superior Court states the case.

Verdict for plaintiff in the sum of $623.77, and judgment thereon.   Defendant appealed.

*Errors assigned,* among others, were refusal of binding instructions for defendant, and overruling motion for judgment non obstante veredicto.

*James Yearsley,* and with him *Harry Felix* and *Bernard A. Illoway,* for appellant.

*Abraham Wernick,* of *Evans, Forster & Wernick,* for appellee.

OPINION BY KELLER, J., July 13, 1922:

The only issue raised by the pleadings in this case—and, therefore, the only one to be passed upon by the jury—was whether the advertisements which appeared in the Jewish Times and which had been obtained for insertion therein by the plaintiff, had been contracted for by the defendant individually or as the representative of a corporation, or proposed corporation, known as the Royal Amusement Company.  This question was submitted to the jury in a charge to which no exception was taken by the defendant—beyond the refusal to give binding instructions in his favor—and was decided against the defendant.  The evidence raised an issue of fact which was for the determination of the jury and could not properly have been withdrawn from them by the court.

Such of the assignments of error as relate to matters not raised in the court below, but advanced for the first time in this court, will not be considered on appeal: Hurt v. Fuller Canneries Co., 263 Pa. 238; Sullivan v. B. & O. R. R. Co., 272 Pa. 429, 436.  Furthermore, as the record stands, they are without merit.  The Sales Act of 1915, (P. L. 543), entitled "An Act relating to the sale of goods," has no bearing upon a transaction of this kind. No violation of the provisions of the Fictitious Name Act

of June 28, 1917, P. L. 645, was averred in the affidavit of defense and on the trial defendant's counsel expressly disclaimed any such defense. He cannot be permitted to avoid that disclaimer here. The contract was made with the plaintiff, personally, and he sued in his individual name. That he subsequently carried on his business as an advertising solicitor under an assumed designation and registered as such, did not affect the validity of the contract; nor did defendant consider himself harmed by the plaintiff's use of such designation in the exhibit attached to the statement or he would not have waived defense on that score. That some of the advertisements appeared in so-called Sunday editions was not set up as a defense nor referred to on the trial and is plainly an afterthought. It cannot be raised here for the first time, especially with no proof that the editions now objected to were actually printed and issued on Sunday. It is common knowledge that some so-called "Sunday" papers are hawked about the streets as early as Friday night, no less than that a well-known "Saturday" paper appears on Thursday.

The remaining assignments must be overruled. The question complained of in the sixth assignment was objected to and ruled out. It was not answered and we are satisfied that it did the defendant no harm, even if it was properly excluded, as to which we express no opinion. No objection was made or exception taken to the offers covered by the seventh assignment. It also violates Rule XIV since it embraces two distinct offers. The amount of plaintiff's commission or compensation was wholly immaterial. The remaining assignments relate to the exclusion of plaintiff's certificate of registration and examination concerning the same. As under the pleadings and defendant's disclaimer this line of examination was irrelevant and immaterial it was properly ruled out.

The assignments of error are all overruled and the judgment is affirmed.