## Briggs et al., Appellants, *v.* Logan Iron & Steel Co.

*Affidavit of defense—Practice, C. P.—Question of law.*

1. In testing the right of a defendant to judgment on questions of law raised in his affidavit of defense, the point to be determined is simply whether, on the facts averred, the plaintiff cannot possibly recover.

*Affidavit of defense—Oral agreement—Question of law—Summary judgment.*

2. Where an oral agreement is relied on for recovery, by it alone plaintiff's case must be tested, when it is endeavored to obtain a summary judgment on questions of law raised in the affidavit of defense.

*Contract—Oral agreement—Rescission.*

3. Where the minds of the parties have met in an oral agreement, neither of them can add to it, subtract from it, rescind it or abandon it without the consent of the other, and if one attempts to do so he makes himself liable to that other for any resulting damage.

*Contract—Letters attached to statement of claim—Oral agreement.*

4. Confirmatory letters attached to a statement of claim cannot be held, as a matter of law, to alter or affect an alleged completed

oral contract, unless it appears from the pleadings or proof that this was intended.

*Contract—Sales—Sales Act—Statement of claim—Memorandum in writing.*

5. All the facts necessary to show a compliance with the requirements of section 4 of the Sales Act, must be averred in the statement of claim.

6. If, however, the statement sets forth a complete oral contract, which is recited in the writings attached, they will, for the purpose of the pleadings, be held to be a sufficient note or memorandum under the statute, even though they attempt to add other or modified terms to the oral agreement.

Argued January 10, 1923.. Appeal, No. 143, Jan. T., 1923, by plaintiff, from judgment of C. P. No. 4, Phila. Co., June T., 1922, No. 832, for defendant on pleadings, in case of Briggs & Turivas v. Logan Iron & Steel Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON and SCHAFFER, JJ. Reversed.

Assumpsit for breach of contract of sale. Before Mc-CULLEN, J.

The opinion of the Supreme Court states the facts.

Judgment for defendant on pleadings. Plaintiffs appealed.

*Error assigned,* inter alia, was judgment, quoting record.

*Lewis Lawrence Smith,* with him *George Vaughan Strong,* for appellant.—The correspondence does not show that no contract was entered into between the parties.

There was a sufficient memorandum in writing to satisfy the requirements of the Sales Act: Haines v. Dearborn, 199 Pa. 474; Sylvester v. Born, 132 Pa. 467; Hewes v. Taylor, 70 Pa. 387.

A memorandum required by the statute of frauds may be on different papers if one contains a reference to the

other and in such case parol evidence is admissible to identify the writings: Curry v. Bacharach Quality Shops, Inc., 271 Pa. 364; Sober v. Masters, 264 Pa. 582; Title G. & S. Co. v. Lippincott, 252 Pa. 112.

*Wm. Clark Mason,* with him *Morgan, Lewis & Bockius,* for appellee, cited: Manufacturers L. & H. Co. v. Lamp, 269 Pa. 517; Frick v. Ry., 271 Pa. 536; Northwestern C. Milling Co. v. Campbell, 78 Pa. Superior Ct. 96.

OPINION BY MR. JUSTICE SIMPSON, January 29, 1923:

Plaintiffs sued to recover damages for the breach of an oral agreement, whereby they contracted to sell and defendant to buy a quantity of manufactured iron, on specified terms. Attached to the statement of claim were certain letters, severally written by each party, regarding the contract. Defendant filed an affidavit of defense, raising two questions of law: (1st) Was a contract actually made? and (2d) If so, was it enforceable under the fourth section of the Sales Act?

The court below did not consider the alleged oral agreement or the effect of the statute, but held that the letters, attached to the statement, showed there was not a completed contract, and entered judgment for defendant; from this plaintiffs appeal. In testing the right to this summary judgment, a court's only duty is to determine "whether upon the facts averred [the statement of claim] shows, as a question of law, that plaintiff is not entitled to recover": Rhodes v. Terheyden, 272 Pa. 397; Franklin Sugar Refining Co. v. Lykens Mercantile Co., 274 Pa. 206. Thus viewed, it is clear the judgment must be reversed.

The fundamental error of the court below was in treating the case as if the contract was alleged to have been made by the confirmatory letters. The statement of claim avers, however, that the agreement was oral; upon this plaintiffs must stand or fall; and by it alone, at this

stage of the proceedings, their case must be judged. If the minds of the parties met in an oral agreement, it is a matter of indifference whether or not one or each desired later to change it,—unless the other party assented thereto, which is not averred,—or to have it reduced to writing and duly signed. Neither party to a completed contract can add to, subtract from, rescind or abandon it, without the consent of the other; if he attempts to do so, he makes himself liable, to that other, for any resulting damage.

It necessarily follows, so far as concerns the first question raised, that we need only consider, at the present time, what the statement avers regarding the oral contract, which is alleged to be the basis of the claim. In doing this, we find in it a clear averment of a completed agreement. For the reasons already stated, we cannot rule, as a matter of law, that the attached letters show there was no contract. If at the trial plaintiffs satisfy the jury that, as alleged, they agreed to sell and defendant to purchase certain specified iron at a stated price, shipments to be made by a given date, the place of delivery to be at defendant's plant at Burnham, Pa., and that defendant wrongfully breached this contract, they will be entitled to recover whatever damages they suffered, unless prevented by the 4th section of the Sales Act, which requires, in a contract of this amount, that there must be "some note or memorandum in writing of the contract or sale signed by the party to be charged or his agent in that behalf."

We held in Mason-Heflin Coal Co. v. Currie, 270 Pa. 221, and in Franklin Sugar Refining Co. v. Howell, 274 Pa. 190, that all the facts, necessary to show a compliance with the requirements of that section, must be averred in the statement of claim. This we think sufficiently appears here; for plaintiffs' letter, signed by them, quotes the oral agreement, as averred; and defendant's letter, signed by its treasurer, encloses a copy of plaintiffs' letter, and also states the terms of the con-

tract. For the reasons hereinbefore. set forth, the additional matter in these letters is unimportant at this time; their ultimate effect can only be determined at the close of the trial.

The judgment of the court below is reversed and a procedendo awarded.