## Vollmer *v.* Newburger et al., Appellants.

*Principal and agent—Stock brokers—Sale of stock—Report of sale—Contradiction of report—Evidence—Letter—Self-serving evidence—Burden of proof—Case for jury.*

1. The engagement of a stock broker in buying and selling stocks goes beyond mere agency.

2. It is in the nature of a trust to be executed for his principal.

3. The stock broker, as a rule, guarantees that the stock sold by him to others will be paid for, and he is primarily liable to satisfy his client for the price of the stock sold.

4. Where a broker sells stock and notifies his customers that it is sold, he becomes liable for the price, and he cannot, in a suit against him, relieve himself from liability by offering in evidence a letter from himself to his customer stating that no sale had been made.

5. In such case, he must go further and prove by competent evidence that in fact a sale had not been made.

6. If there was a mistake in assuming that a sale had been made, and due diligence was exercised in communicating this fact to the client, it is possible the former status might be restored.

7. But if a sale has been made which afterwards falls through, and if the brokers have not exercised the utmost good faith and diligence, their liability will continue.

Argued January 19, 1923.   Appeal, No. 207, Jan. T., 1923, by defendants, from judgment of C. P. No. 4, Phila. Co., Dec. T., 1919, No. 713, on verdict for plaintiff, in case of David Vollmer v. Alfred H. Newburger et al., trading as Newburger, Henderson & Loeb.   Before MOSCHZISKER, C. J., WALLING, KEPHART, SADLER and SCHAFFER, JJ.   Affirmed.

Assumpsit to recover proceeds of stock.   Before AU-DENRIED, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $7,060.94.   Defendants appealed.

*Error assigned,* inter alia, was refusal of defendant's motion for judgment n. o. v., quoting record.

*James F. Boylan,* with him *John P. Connelly,* for appellants, cited: Union Trust Co. of New York v. Gilpin, 235 Pa. 524; Kunkel v. Kunkel, 267 Pa. 163.

*William A. Gray,* for appellee.

OPINION BY MR. JUSTICE KEPHART, April 16, 1923:

Stock brokers are in some aspects an exceptional class of brokers.   When they purchase or sell stock outright they do not act as brokers merely; they serve in a larger capacity, and are more than brokers, according to the legal signification of that term.   Their engagement goes beyond mere agency.   The responsibility is vastly different; it is in the nature of a trust, to be executed for the principal: 9 C. J. 511, section 12.   The broker in these transactions undertakes to insure to his principal the solvency of the purchaser.   He, in effect, guarantees that the stock sold by him to others will be paid for, and is primarily liable to satisfy his client for the price of the stock sold.   There may be exceptions to this rule, but the facts in the present case bring it within the general rule.

Applying the foregoing principles of law to the facts, appellants are bankers and brokers, with offices in Philadelphia and New York. They are members of the Philadelphia and New York Stock Exchanges. Appellee, who has done business with them for ten years, ordered the purchase of 200 shares of Lackawanna Coal Company stock, at $26 a share. This order was duly executed and the certificates delivered. Appellants had been directed to sell the stock at $30 a share, and they notified appellee by letter the stock had been sold for his account at $30 per share, leaving a balance due him of $5,967, after deducting tax and commission. The certificates were sent by mail to appellants without being signed. Later, at defendants' request, a power of attorney followed, wherein authority was given in writing to transfer the stock on the books of the corporation. When appellee demanded payment of the purchase price from defendants, he was notified by them that the sale reported as made on the New York curb had not taken place, and payment was refused; this suit followed, with verdict and judgment for plaintiff.

At the trial, the order to sell, delivery of stock and the broker's notice that the sale had been made, were duly proven. Plaintiff's case was thus made out; the statement informing the client that his stock was sold for a particular price was self-harming admission, conclusive as direct evidence against the maker. It was, however, admitted on cross-examination that some time afterwards a letter was received from the broker stating no sale had been made. This was not sufficient to prevent the jury from finding for plaintiff. The letter did not prove the fact therein asserted. It was self-serving evidence, and, if considered substantive proof of the fact averred, would permit a person to make evidence for himself. Other credible evidence in support of the assertion was necessary; otherwise the liability continued. The burden was on defendant to show that no sale in fact took place. But here there is no evidence except the letter to

defendants.  If there was a mistake in assuming that a sale had been made, and due diligence was exercised in communicating this fact to the client, it is possible the former status might be restored.  But this must be a mistake, for, if a sale has been made that afterwards falls through, and if the brokers have not exercised the utmost good faith and diligence, their liability will continue.  As stated above, their responsibility is vastly different, and, because of the position they hold in their dealings with others, it is necessary that the rule above mentioned be rigidly observed.  Having received vendor's property for sale, and having notified him that a sale in fact had been made, defendants became liable for the price, from which liability they have not relieved themselves by sufficient proof.  The court below did not err in sustaining the verdict.

The judgment of the court below is affirmed.