## Salonic *v.* Weiswasser, Appellant.

*Sales—Warranty—Breach of warranty—Case for jury.*

In an action for breach of contract in the sale of a knitting machine, the case is for the jury and a verdict will be sustained, where the issue is one of fact as to whether or not the machine would work if properly operated.

*Appeals—Assignments of error—Questions not raised in court below.*

The Superior Court will not review a case on a theory different from that on which it was tried in the court below, nor will questions not raised in the court below be considered on an appeal from the refusal of judgment non obstante veredicto.

Argued October 24, 1923. Appeal, No. 240, Oct. T., 1923, by defendant, from judgment of C. P. No. 5, Phila. Co., June T., 1922, No. 7852, on verdict for the plaintiff in the case of Philip Salonic, trading as Acme Knitting Mills, v. A. M. Weiswasser, trading as Leonard Machine Company. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit for breach of contract. Before MARTIN, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $1,608.47 and judgment thereon. Defendant appealed.

*Error assigned* was refusal of defendant's motion for judgment non obstante veredicto.

*B. D. Oliensis,* and with him *Benjamin H. Leiterman,* for appellant, cited: Kessler v. Perrong, 22 Pa. Superior Ct. 578; Gosch v. Firemen's Ins. Co., 33 Pa. Superior Ct. 496; Rumsey v. Shaw, 212 Pa. 576, 579; Wright v. Bristol Leather Co., 257 Pa. 552; Elk Textile Company v. Cohen, 75 Pa. Superior Ct. 478.

*D. Arthur Magaziner,* for appellee, cited: Carpenter v. Lancaster, 212 Pa. 581; Foehr v. N. Y. Short Line R. R. Co., 40 Pa. Superior Ct. 7; Taylor v. Sattler, 6 Pa. Superior Ct. 229; Thompson v. Delong, 71 Pa. Superior Ct. 282; Flyte v. Stover, 72 Pa. Superior Ct. 531; Diehl v. Reiss, 76 Pa. Superior Ct. 189; Hinsdale v. Call, 78 Pa. Superior Ct. 121; Minnenberg v. Rash, 79 Pa. Superior Ct. 349; Hanley v. Waxman, 80 Pa. Superior Ct. 274.

OPINION BY KELLER, J., December 10, 1923:

Plaintiff alleged a breach of contract in the sale to him by defendant of a knitting machine and sued to recover the purchase price paid together with the wages of the operator employed by him in a fruitless effort to make it work.

The only issue before the jury was whether, if properly operated, the machine would make grenadine cloth. They were instructed that if the failure was due to lack of skill on the part of the operator of the machine, the verdict should be for the defendant. Their verdict established a finding that it could not be made to work.

Defendant now asks that judgment non obstante veredicto be entered in his favor because in the letter rescinding the contract and notifying defendant to remove the machine plaintiff's attorney stated that storage at the rate of $10 per day would be charged if it was not removed by a certain date.

This was an issue not raised at the trial. There was no evidence that defendant was prevented from obtaining his machine by reason of any claim for storage on the

part of the plaintiff.  On the contrary, it was admitted of record "that after this suit was started the machine was taken back by the defendant from the plaintiff under an agreement of counsel without prejudice to the rights of the parties."   Defendant's contention was that the machine would work if properly operated, and that plaintiff ought to have kept it and should be made to pay the unpaid balance of the purchase price.   After a verdict against him on that issue he cannot now shift his ground and claim that there was not a complete rescission.   This court will not review a case on a theory different from that on which it was tried in the court below, nor consider questions not raised in the lower court: Flyte v. Stover, 72 Pa. Superior Ct. 531, 533; Armstrong & Latta v. Phila., 249 Pa. 39; Weiskircher v. Connelly, 256 Pa. 387; Minnenberg v. Rash, 79 Pa. Superior Ct. 349.

Nor can defendant now ask the judgment to be set aside because of the inclusion in the verdict of the operator's wages, $105.   The evidence in that behalf was not objected to on the trial, nor was exception taken to the charge of the court save to the refusal of defendant's point for binding instructions.   Questions not raised in the court below will not be considered here on appeal from the refusal of judgment non obstante veredicto: Hanley v. Waxman, 80 Pa. Superior Ct. 274; Thompson v. DeLong, 71 Pa. Superior Ct. 282.

Judgment affirmed.