C. Clothier Jones et al., Appellants, *v.* Adams.

Argued November 20, 1929.

Before
PORTER, P. J., TREXLER, KELLER, LINN, GAWTHROP,
CUNNINGHAM and BALDRIGE, JJ. 

*G. T. Hambright,* and with him *John E. Malone,* for appellant, cited: Maitland v. Martin, 86 Pa. 120; Franklin Sugar Refining Co. v. Lykens Mercantile Co., 274 Pa. 206.

*H. Clay Burkholder,* and with him *F. Lyman Windolph,* for appellee, cited: McGehee v. Yunker, 137 Ark. 397; Taylor v. Godvold, 76 Ark. 395.

OPINION BY BALDRIGE, J., January 29, 1930:

The plaintiffs, who are engaged in the stock and bond brokerage business, alleged in their statement that on May 24, 1928, the defendant verbally placed an open order with them to buy one hundred shares of Studebaker stock at $78 per share. Acceptance in writing of the order was forwarded to and received by the defendant. On May 29, 1928, the plaintiffs bought the stock on the New York Exchange, paid for it and charged the price thereof to defendant's account, and on the same day informed him of the purchase. On June 19, 1928, plaintiffs notified the defendant that

unless said stock was paid for, they would sell it for his account. The defendant having ignored this demand, plaintiffs on June 22d sold the stock in the open market for $67 per share, the best price they, by exercise of due diligence, were able to obtain.

This suit was brought to recover the difference between the purchase price and the selling price, plus commission. The defendant filed an affidavit of defense, raising the legal question that the plaintiffs did not set forth a good cause of action in that the requirements of the Sales Act, approved the 19th of May, 1915, P. L. 543, as amended by the Act of April 27, 1925, P. L. 310, were not complied with. The Act as amended is entitled, "An act relating to the sale of goods and choses in action." The provision invoked is as follows:

"Section 4. First. A contract to sell or a sale of any goods or choses in action of the value of five hundred dollars or upwards shall not be enforceable by action unless the buyer shall accept part of the goods or choses in action so contracted to be sold or sold, and actually receive the same, or give something in earnest to bind the contract, or in part payment, or unless some note or memorandum in writing of the contract or sale be signed by the party to be charged or his agent in that behalf."

The lower court was of the opinion that this case squarely comes within the provision of the Sales Act and accordingly sustained the demurrer and entered judgment for defendant. If this transaction constituted, between the parties, a sale of stock, which is a chose in action, the conclusion reached by the learned court is correct, but the facts averred establish the relation of principal and agent and not that of a buyer and seller.

The defendant ordered the plaintiffs to buy the stock for his account and risk. In compliance with his

direction, they, as his stock brokers, filled the order and held the stock, not as owners, but as pledgees, for their customer and subject to his order.

The Act of May 7, 1907, P. L. 175, providing for imposing a license tax, defines "stock brokers" as follows: "Stock brokers are those who, whether members or not members of a stock exchange, buy or sell, for a commission or other compensation, stock, bonds, debentures, scrip, certificates of indebtedness, or other obligations of any person, firm, association, limited partnership, corporation, municipality or government, or investment or other securities of any character whatsoever."

The plaintiffs, undoubtedly, were employed as stock brokers. They acted as an intermediary or negotiator between the defendant and the person from whom the stock was purchased. At that time they had no personal interest in the transaction outside of their commission. If the defendant had immediately paid for the stock, the purchase thereof by the plaintiffs was a clear act of agency. In carrying the stock until the defendant paid therefor, the plaintiffs were acting as pledgees (Richardson v. Shaw, 209 U. S. 365), but the stock belonged to the defendant and the plaintiffs simply held it as security until the consideration would be paid. They did not acquire the right to dispose of the stock until reasonable opportunity was given the defendant to pay for it.

In the case of Galigher v. Jones, 129 U. S. 193, Mr. Justice BRADLEY, speaking for the court, said, "A broker is but an agent and is bound to follow the directions of his principal or give notice that he declines the agency. The dividends on the security belong to the customer. The customer pays interest on the purchase price and is credited with interest if any of the purchase price is paid on account. Upon settlement of the account, he receives his security. The risk

of the venture is entirely upon the customer. He profits if it succeeds and he loses if it fails."

The authorities are practically unanimous in holding that the primary and essential feature underlying the relations of a broker to his employer is that of an agent, and the rules of law applicable to principal and agent govern their respective rights and liabilities, and the broker is subject to the liabilities of an agent in requiring him to exercise fidelity and good faith toward his principal in all matters that fall within his sphere of employment: Richardson v. Shaw, supra; Skiff v. Goddard (Conn.), 26 Atl. Rep. 874; Content v. Banner, 184 N. Y. 121; 4 R. C. L. 247; 9 C. J. 515; Cook on Corporations, 6th Edition, Vol. 2, p. 1145; Story on Agency, 9th Edition, Section 28; Sibbald v. Bethlehem Iron Co., 83 N. Y. 378.

Although no authorities have been cited and we have been unable to find any from an independent search where this question has arisen since the passage of the Sales Act, the relationship of principal and agent has been recognized in this state in transactions of this character (Wynkoop v. Seal, 64 Pa. 361; Maitland v. Martin, 86 Pa. 120) and it is not, in our judgment, affected by the legislation cited. There is no statute in this state requiring the employment of a broker to be in writing or that a payment be made to bind the bargain.

The order of the lower court is reversed and a procedendo is awarded.