## Calloway v. Clucas et al.

*J. Harry La Brum,* for plaintiff.
*Wolf, Block, Schorr & Solis-Cohen,* contra.

KUN, J., November 25, 1931.—The court made absolute a rule on the defendants to produce books, records and documents for inspection. Defendants thereafter requested a reargument, which was granted. On the reargument, many authorities were cited on both sides, but once the relationship between the parties is understood, the matter in controversy becomes a very simple one.

The plaintiff carried a marginal account with the defendants, stockbrokers. Their relationship is at least that of principal and agent: Jones *v.* Adams, 98 Pa. Superior Ct. 246. Indeed, responsibility of stockbrokers is in the nature of a trust: Vollmer *v.* Newburger et al., 277 Pa. 282, 283, where the court said:

"Stock brokers are in some aspects an exceptional class of brokers. When they purchase or sell stock outright they do not act as brokers merely; they serve in a larger capacity, and are more than brokers, according to the legal signification of that term. Their engagement goes beyond mere agency. The responsibility is vastly different; it is in the nature of a trust, to be executed for the principal: 9 C. J. 511, section 12." To argue in such a situation, where the trustee is alleged to have committed some breach of trust, he having all the information on the subject and the customer having none, that the

court is without power to direct the broker to disclose his records to the customer as to his transactions, is a contention contrary to elemental justice for which there is no authority.

That the lack of information on the part of the plaintiff as to what defendants, her brokers, had done with her securities put her in a quandary, is indicated by the proceedings in this case. She began her action by writ in trespass. Later, by stipulation of counsel, the action was amended to assumpsit. The plaintiff then filed her statement of claim in assumpsit. Thereupon, defendants filed a petition for rule for more specific statement of claim. This rule, however, was discharged. Thereafter, counsel stipulated again, agreeing to amend the summons in assumpsit back to trespass. It appears that contemporaneously with the execution of the last stipulation it was understood and agreed between counsel that the plaintiff would have the right to file an amended statement of claim in trespass. This agreement has since been put into effect by written stipulation, now filed.

The statement of claim filed in assumpsit set forth that, without notice to the plaintiff, the defendants sold plaintiff's collateral on marginal account, despite the fact that there was ample security to meet defendants' marginal requirements. The petition for production of defendants' books and records sets forth that plaintiff has since been advised that defendants rehypothecated and repledged certain of the securities for their own account, and she is without accurate data as to said rehypothecation to enable her to prepare her statement of claim in the amended action in trespass. Having in mind the relationship of the parties and the purpose for which the books of the defendants are required, any question as to the propriety of the order made disappears.

Even under the old Act of February 27, 1798, 3 Sm. Laws 303, section 1, which, though it does not in terms restrict its application to production of papers at the trial, has been so confined, there are important exceptions recognized, such as where (1) one party relies upon an instrument in the custody of another which is necessary to his case, and in which he has an interest entitling him to inspection; or (2) to enable the plaintiff to declare in an action founded on an agreement to which both plaintiff and defendant are parties; or (3) a relation of agency exists between the parties which gives both an interest in the accounts, etc.: Peoples Trust Co. *v.* Pennsylvania Lodge, 25 Dist. R. 774. *A fortiori*, where the relationship goes beyond mere agency and is in the nature of a trust, as stated in Vollmer *v.* Newburger, *supra*. The right was definitely recognized in Browning *v.* Aylwin, 7 B. & C. 204 (K. B., 1827).

Stockbrokers, being somewhat in the position of trustees in respect to their customers, ought to give their customers the fullest information on the customer's transactions when required. The brokers have all the information, and the customer has none. In these circumstances, it is essential that the court lend its aid to the customer to procure the necessary information to present a claim in an intelligible and legally required way, in accordance with the facts, which are always with the broker. The very date of the alleged conversion is indispensable. Under the rule of Gervis *v.* Kay et al., 294 Pa. 518, codified in the Act of April 10, 1929, P. L. 476, the measure of damages to which the plaintiff is entitled in a case of conversion of her stock is the difference between its value at the time of conversion and the highest value attained within a reasonable time thereafter.

Because of the relationship between the parties, the plaintiff was clearly entitled to the order against the defendants for the production of their books

and papers relating to her account with them. The authorities cited by the defendants of the refusal of orders for production of books and papers, tort cases where penalties and forfeitures were involved and other cases referred to as "fishing expeditions," are not apposite. In none of them was there a fiduciary relationship between the parties as in the case we have before us. That is the controlling point.

We have been referred to a suit in Common Pleas Court No. 2 against the same defendants, and it is stated that court refused an order to produce. We have not been referred to any opinion of the court, if any was filed. We assume the court had good grounds for its action, but if it was based on any considerations at variance with the views we have herein expressed, we must disagree with them.

We may add that, while defendants' counsel have properly joined in the written stipulation carrying out, as we understand it, the arrangement plaintiff's counsel had with defendants' former counsel for the filing of an amended statement of claim in trespass, this is in no sense the basis of the decision of the court. We are of the opinion that in a suit between a customer and his stockbroker for alleged violation of trust, even where a statement of claim on one theory of law is on record, yet on a showing of plaintiff by petition that information subsequently acquired has disclosed other violations and wrongs committed by the brokers, leave would be given by the court in the proper administration of justice to file an amended statement of claim and to enable the plaintiff to do so the court would direct the production of the books and records of the stockbroker to the customer, so far as the customer's transactions were concerned, to ascertain the facts.

Rule for modification and correction of the order for production of defendants' books heretofore made is discharged.