## FINANCE CO. OF AMERICA AT BALTIMORE v. MECKLEY BROS. ICE CO.

### No. 3742.

District Court, M. D. Pennsylvania.
July 31, 1936.

McNees, Hollinger & Nurick, of Harrisburg, Pa., for plaintiff.

Earl V. Compton, of Harrisburg, Pa., for defendant.

JOHNSON, District Judge.

The Finance Company of America, a Delaware corporation, instituted an action on an oral contract to recover $5,400 with interest from Meckley Brothers Ice Company, a Pennsylvania corporation. The defendant filed an affidavit of defense raising three questions of law.

The plaintiff in its statement of claim avers that on February 9, 1935, Ralph Meckley, the brother of John G. Meckley, who is the president and treasurer of defendant, "at the direction of said John G. Meckley, and with authority of the defendant," wrote to the agent of the plaintiff, requesting a loan for the defendant; that on February 15, 1935, plaintiff's agent telephoned Ralph Meckley and agreed on behalf of the plaintiff to obtain a loan for defendant if the defendant would purchase for $5,400 certain trade acceptances of the Penn Brewing Company, a company in which Ralph Meckley and John G. Meckley were officers and directors and financially interested; and that "the said Ralph Meckley agreed in the said telephone conversation to accept the loan on the terms outlined by the plaintiff's agent." The plaintiff contends that these averments show the oral contract on which the action is founded.

Plaintiff's statement of claim further avers that the plaintiff negotiated with the Colonial Mortgage Company, which agreed to grant a loan in the amount of $15,400 to the defendant; that the Colonial Mortgage Company negotiated with the agents of defendant and made satisfactory arrangements for the loan and the repayment thereof; that on March 30, 1935, John G. Meckley advised the Colonial Mortgage Company that the defendant had obtained a loan elsewhere and would not consummate the loan which it had agreed to take; that the Penn Brewing Company was subsequently adjudicated a bankrupt and its trade acceptances in the hands of the plain-

tiff are of no value; that the Colonial Mortgage Company was always ready, willing, and able to make the loan, but defendant wrongfully refused to consummate the loan; and that plaintiff has demanded the defendant comply with the contract and purchase the trade acceptances for $5,400, but the defendant refused, whereby plaintiff is damaged to the extent of $5,400.

The defendant in its affidavit of defense raising questions of law sets forth: First, that the statement of claim is based upon an oral contract whereby the defendant is alleged to have agreed to purchase choses in action of a value in excess of $500 and the contract is therefore unenforcible under the statute of frauds; secondly, that the statement of claim does not show a cause of action in the plaintiff, but shows a cause of action, if any, in the Colonial Mortgage Company; and, thirdly, that the exhibits attached to the statement of claim show that there was no contract but merely an unaccepted offer.

The defendant contends that since the contract involves choses in action of a value in excess of $500, it is unenforceable under the statute of frauds. The plaintiff contends that the contract is not for the sale of goods or choses in action, but is one for personal services and not within the statute of frauds.

Section 4 of the Sales Act of 1915, 69 P.S.Pa. § 42 provides: "A contract to sell or a sale of any goods or choses in action of the value of five hundred dollars or upwards shall not be enforceable by action unless the buyer shall accept part of the goods or choses in action so contracted to be sold or sold, and actually receive the same, or give something in earnest to bind the contract, or in part payment, or unless some note or memorandum in writing of the contract or sale be signed by the party to be charged or his agent in that behalf." In interpreting this section, "nothing is to be added by intendment; a change from the common law cannot be presumed; it must appear to have been meant, or it will be held not to have been made." Jessup & Moore Paper Co. v. Bryant Paper Co., 283 Pa. 434, 442, 129 A. 559, 562. In Minnenberg v. Rash, 79 Pa. Super. 349, it was held that the Sales Act of 1915 (69 P.S.Pa. § 1 et seq.), entitled "An Act Relating to the sale of goods," has no bearing upon a contract for advertising space in a newspaper. In Jones v. Adams, 98 Pa.Super. 246, the defendant verbally directed the plaintiff, a stockbroker, to purchase certain stock for him and the plaintiff acknowledged receipt of the order and purchased the stock for defendant. Defendant failed to pay for the stock, and in an action by plaintiff, the defendant denied liability because the contract was oral and unenforceable under section 4 of the Sales Act. The court held that the relation of principal and agent existed and section 4 of the Sales Act concerning the relationship of buyer and seller was not applicable. In York Heating & Ventilating Co. v. Flannery, 87 Pa.Super. 19, 23, it was said: "The contract in suit was in no sense a contract of sale. It was a construction contract. The transfer of property in the fan, motor * * * and steam piping was but incidental to the main purpose which was the furnishing of labor and the assembly of material in the erection and construction of a heating system. * * * The operation was one of building, or construction, not of sale, within the meaning of the Sales Act aforesaid." See, also, Lekovicz v. Gobbie, 91 Pa.Super. 33. So in the case now before the court, the main purpose of the oral contract was to obtain a loan for the defendant. The transfer of the trade acceptances was the consideration for the services on the part of the plaintiff, and was incident to the main purpose of the contract, and hence was not a contract to sell choses in action within the fourth section of the Sales Act.

Secondly, the defendant contends that it is not alleged in the statement of claim that the defendant agreed, or that Ralph Meckley, as agent for the defendant, agreed to accept the loan on the terms outlined by plaintiff, but only that Ralph Meckley agreed, which shows affirmatively that there was no contract consummated by the parties to this action. While the plaintiff alleges that Ralph Meckley had authority of the defendant to request a loan for the defendant, it fails to allege that Ralph Meckley had the authority of the defendant to accept on behalf of the defendant on the terms set out by plaintiff in its offer. If he had no such authority, the oral contract on which the suit is based, was not consummated.

Thirdly, the defendant contends that the exhibits attached to the statement show that there was merely an unaccepted offer. The statement pleads an oral offer and ac-

ceptance, and subsequent letters cannot change the contract. As was said in Briggs v. Logan I. & S. Co., 276 Pa. 326, 328, 120 A. 280: "The fundamental error of the court below was in treating the case as if the contract was alleged to have been made by the confirmatory letters. The statement of claim avers, however, that the agreement was oral; upon this plaintiffs must stand or fall, and by it alone, at this stage of the proceedings, their case must be judged."