# Estate of Joseph W. Cake, deceased. Appeal of J. Adam Cake.

*Execution—Attachment execution—Revival of judgment.*

An attachment execution upon which judgment has been obtained upon a verdict will not revive the lien of the original judgment under which the attachment execution was issued.

An attachment execution issued under a judgment which has lost its lien confers no preference over intervening liens.

Argued May 23, 1898. Appeal, No. 220, Jan. T., 1897, by J. Adam Cake, from decree of O. C. Northumberland Co., dismissing exceptions to auditor's report. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ. Affirmed.

Exceptions to auditor's report.   Before SAVIDGE, P. J.

The facts appear by the report of the auditor, J. Simpson Kline, Esq., which was as follows:

### FINDINGS OF FACT.

From the evidence produced before him your auditor finds the following facts:

1. The fund now for distribution is the proceeds of sale of real estate under proceedings in partition in the orphans' court of Northumberland county.

2. Joseph W. Cake, deceased, died on or about the      day of          , A. D.          .

3. The property from which the proceeds arise was the property of Joseph W. Cake, and of which he died seized.

4. The said decedent left to survive him four children, viz: J. Adam Cake, Joseph W. Cake, Jr., Amy B. Adams and Alice E. Loury.

5. There are no liens or debts of decedent now charged upon the lands out of which this fund arises and payable out of this fund.

6. Upon the death of Joseph W. Cake, deceased, the land sold, from which this fund arises, descended to and vested in J. Adam Cake, Joseph W. Cake, Amy B. Adams and Alice E. Loury.

7. At the time of the sale of said real estate certain judgments were liens on the share or interest of Joseph W. Cake, Jr., which liens were divested by this sale, and which are now payable out of the funds now in the hands of J. Adam Cake, administrator of Joseph W. Cake, deceased.

8. The first lien or judgment against the interest or share of Joseph W. Cake, Jr., Margaret Fryling, administratrix of John Fryling, deceased, entered to No. 446, May term, 1890; date of lien, February 11, 1892; amount of judgment, $208, with interest from February 11, 1892; costs thereon, $10.32; interest to February 8, 1897, $62.25; total debt, interest and cost, $280.57.

9. The second judgment which was a lien on the share or interest of Joseph W. Cake in the land sold, at the time of sale, was judgment, Colt & Todd, now for the use of D. L. Glover, trustee, v. Joseph W. Cake, Jr., No. 413, May term, 1894, for

the sum of $345.35, with interest from April 7, 1894; costs, $14.75; interest to February 8, 1897, $58.70; debt, interest and cost, $418.81.

10. The deed of assignment or conveyance from Joseph W. Cake to the American Publishing Company, dated March 20, 1896, was subsequent to the entry of judgments, No. 446, May term, 1890, Margaret Fryling v. Joseph W. Cake, and No. 413, May term, 1894, Colt & Todd v. Joseph W. Cake, and that the sale or transfer of the said real estate cannot affect the rights of these judgment creditors.

11. The share and interest of J. Adam Cake in the funds for distribution have been attached by virtue of an attachment execution issued out of the court of common pleas of Northumberland county to No. 615, September term, 1896, Joseph W. Cake v. J. Adam Cake, which said attachment was served on J. Adam Cake, administrator of Joseph W. Cake, deceased.

12. By the account of J. Adam Cake, administrator of Joseph W. Cake, deceased, as stated in this report by agreement of all parties in interest, there is $2,240.88 in the hands of the administrator for distribution.

13. There were no liens against the real estate sold affecting the interests of Amy B. Adams and Alice E. Loury, at the time of the sale.

### CONCLUSIONS OF LAW.

In the matter of the claim of J. Adam Cake on the judgment of J. Adam Cake, executor and sole legatee of Minnie E. Cake, deceased, v. J. W. Cake, No. 52, May term, 1894, in connection with the original judgment and all proceedings thereon, on which judgment and proceedings J. Adam Cake, by his attorney, Lewis Dewart, claims the fund or interest of Joseph W. Cake, raised by this sale of real estate.

This judgment, or the original judgment, was entered to No. 231, May term, 1891, and became a lien on the real estate of Joseph W. Cake, Jr., March 19, 1891. On February 13, 1894, an attachment execution was issued out of the court of common pleas of Northumberland county to No. 52, May term, 1894, attaching any and all moneys in the hands or possession of J. Adam Cake, administrator of Joseph W. Cake, deceased, on which there was trial and verdict of jury, April 8, 1895, against

defendant, and on September 1, 1896, a scire facias was issued on the said original judgment to revive and continue the lien thereof.  This fund is claimed by J. Adam Cake, executor, as aforesaid : first, by virtue of a lien on the real estate, and, second, by virtue of an attachment execution.

It is claimed, on the part of Mr. Dewart, attorney for J. Adam Cake, executor, as aforesaid, that the issuing of the attachment execution and verdict of the jury revived the lien of the original judgment and thus continued it as a lien against the real estate out of which the fund for distribution arises.  This certainly cannot be the case.  The method of reviving judgments for the purpose of continuing the lien thereof on real estate is specifically set forth in the acts of assembly providing for such proceedings, and being a statutory proceeding must be strictly followed.  The attachment execution issued February 13, 1894, does not contain a clause of scire facias for the purpose of reviving the judgment and continuing the lien thereof against the real estate of the defendant, Joseph W. Cake.  It simply calls upon the defendant and garnishee to appear before our judges, at Sunbury, at our court of common pleas aforesaid, there to be held the second Monday of March next, to show cause, if any they know or have to say, why the said judgment shall not be levied of the effects of the defendant in their hands.  The only scire facias contained in this writ is to the garnishee and not to the defendant.  The act of April 4, 1798, directs that the scire facias shall be served on the defendant or his representatives and the act of 1827 does not change the law in that respect; neither does the act of 1887.  This might possibly have been the case had the attachment issued within a year and a day from the entry of the judgment but we do not meet that question here.  In Davis v. Ehrman, 20 Pa. 256, it was said that, since the act of March 26, 1827, limiting the lien of judgments on real estate, nothing but an amicable revival, or the issuing of a scire facias within five years from the entry of the judgment, will continue its lien beyond that period.  The issuing of a fieri facias within such period and levying on the land will not extend the lien beyond five years, even for so long a time as to allow a sale to be effected ; and in Jameson's Appeal, 6 Pa. 280, it was said a judgment and an execution thereon have not, under our act of assembly, distinct and independent liens upon the

same land.   It is clear that the land out of which the fund for distribution arises could not have been sold on a fi. fa. without first issuing a scire facias, hence it must have lost its lien: Sloan v. McMullen, 5 Dist. Rep. 430; 147 Pa. 545.   As between plaintiff and defendant it might hold; not as against subsequent lien creditors.   An attachment execution as issued to No. 52, May term, 1894, is a specific and statutory remedy for the purpose of attaching goods, moneys, etc., belonging to the defendant in the hands or possession of third parties, and would therefore require a special proceeding to operate as a scire facias for the purpose of reviving the judgment to continue its lien. Judgment No. 231, May term, 1891, having lost its lien, numerous other judgments have slipped in and become prior liens on the share or interest which Joseph W. Cake, Jr., had in the land sold under and by virtue of the partition proceedings under which the funds now for distribution arose.

As to the second grounds on which J. Adam Cake, executor, as aforesaid, claims or seeks to found his claim to this fund is by virtue of an attachment execution.   This judgment having lost its lien on the real estate sold, it cannot be said that, by virtue of an attachment execution, other judgments having a lien on the land sold at the time of the sale can be defeated by attaching creditors.   The money arising from the sale of the lands must be applied to the payment of judgments which were liens at the time of the sale in the order of their priority.   The share or interest of J. Adam Cake in the fund now for distribution is claimed by J. W. Cake by virtue of an attachment execution issued out of the court of common pleas of Northumberland county to No. 615, September term, 1896, attaching the moneys, etc., in the hands or possession of J. Adam Cake, administrator of Joseph W. Cake, deceased, belonging to J. Adam Cake.   No claim to this fund is made by any person having a lien against the land sold at the time of the sale, and out of which the fund now for distribution arises.   Your auditor therefore awards the said fund, which would otherwise belong to J. Adam Cake, to J. W. Cake, upon condition that he sustains the attachment execution, and if not, then to J. Adam Cake, to whom one-fourth interest in said land descended by virtue of the intestate laws of Pennsylvania, and who would be entitled to said fund if attachment is not sustained.

Amount for distribution realized from the sale of
land, less credits and costs of audit, by agreement
of all parties in interest,   .    .    .    .   $2,294.78

DISTRIBUTION.

To Alice E. Loury, ¼,   .    .    .    .    .   $573.69½
To Amy B. Adams, ¼,   .    .    .    .    .   573.69½
To J. W. Cake, provided he sustains his at-
tachment, and if not, then to J. Adam
Cake, .    .    .    .    .    .    .    .   573.69½
The share or interest of J. W. Cake is ab-
sorbed and consumed by the two judg-
ments, viz: No. 446, May term, 1890,
and No. 413, May term, 1894, the lien
of the first of these taking effect Feb-
ruary 11, 1892, and of the second,
April 9, 1894, and therefore your audi-
tor awards to Margaret Fryling, admin-
istratrix of John Fryling, deceased,
plaintiff in judgment No. 446, May
term, 1890, debt, interest and costs, the
sum of  .    .    .    .    .    .   $280.57
and to D. L. Glover, trustee, to whom
judgment No. 413, May term, 1894, has
been assigned on account of said judg-
ment, the balance of the fund which
would otherwise belong to J. W. Cake,
to wit: the sum of  .    .    .    .   293.12½—573.69½
                                                        ─────────
                                                        $2,294.78

*Errors assigned* were in dismissing exceptions to auditor's
report.

*Lewis Dewart*, for appellant, cited First Nat. Bank of North-
umberland's App., 100 Pa. 418; Fulton's Est., 51 Pa. 214;
Crutcher v. Com., 6 Wharton, 340; Bear v. Patterson, 3 W. &
S. 233; Mehaffy's App., 7 W. & S. 200; Gemmill v. Butler, 4
Pa. 233; Ferree v. Com., 8 S. & R. 312; Trickett on Liens,
sec. 434; Vandergrift's App., 83 Pa. 126.

*Horace P. Glover*, for *D. L. Glover*, trustee of Colt & Todd, and *J. C. Bucher*, for Margaret Fryling, administratrix of John W. Fryling, deceased, cited Davis v. Ehrman, 20 Pa. 256; Dietrich's App., 107 Pa. 174; Appeal of First Nat. Bank of Northumberland, 100 Pa. 418.

*C. B. Witmer*, with him *C. M. Clement*, for Joseph W. Cake, Jr., cited Act of April 13, 1843, P. L. 233; Gochenaur v. Hostetter, 18 Pa. 414; Fenton v. Fisher, 106 Pa. 419; Hamilton v. Seitz, 25 Pa. 226; Philadelphia v. Girard's Heirs, 45 Pa. 9; Casebeer v. Mowry, 55 Pa. 419; Myers v. Kingston Coal Co., 126 Pa. 582; McClain's Est., 5 Dist. Rep. 155.

Per Curiam, May 30, 1898:

A careful consideration of the record in this case discloses no error in the decree from which this appeal was taken. On the facts found by the learned auditor we are all of opinion that the court below was clearly right in dismissing the exceptions to his report, and in confirming the same. We find nothing in any of the specifications of error that requires special notice.

Decree affirmed and appeal dismissed at appellant's costs.