# Bryan, Appellant, *v.* Jones & Laughlin Steel Co.

*Execution—Real estate—Revival of judgment—Liens—Collateral attack.*

1. Where execution was issued on a judgment and land acquired by the defendant after the date of the judgment was levied upon, such land became subject to the lien, not of the judgment, but of the levy. Although the judgment in such a case was not a lien upon the land it was sufficient to support execution process; and the fact that more than five years may have elapsed from the entering of the judgment did not render the process void. If the defendant makes no objection that a scire facias was not issued, and permits the land to be sold he cannot thereafter object to the validity of the sale in a collateral proceeding.

2. Where one suffers his land to be sold under an execution on a judgment more than five years old and not revived by scire facias, neither he nor those claiming under him can afterward in a collateral proceeding be permitted to call in question the validity of the sale.

Submitted October 15, 1912. Appeal, No. 154, Oct. T., 1912, by plaintiffs, from judgment of C. P. Beaver

Co., March T., 1910, No. 310, for defendants in case of Henry A. Bryan and Mary Bryan, Widow and Heir at Law of Aaron Boone Bryan (now deceased), devisees and heirs at law under the Last Will and Testament of Ann Bryan, Deceased, v. The Jones & Laughlin Steel Co., Oliver A. Douds and All Others in Possession. Before FELL, C. J., BROWN, POTTER, STEWART and MOSCH-ZISKER, JJ. Affirmed.

Ejectment for tract of land in Hopewell Township. Trial before HOLT, J., without a jury.

The court found the facts to be as follows:

### FINDINGS OF FACT.

1. On the 23d day of August, 1893, at No. 287, September Term, 1893, judgment was entered on an amicable revival sur judgment No. 291, September Term, 1888, in favor of Margaret J. Holt, as plaintiff, and against Henry A. Bryan and Aaron Boone Bryan, as defendants.

2. That on or about the second day of June, 1895, Ann Bryan died, having first made her last will and testament in writing, wherein and whereby the plaintiff in this suit, Henry A. Bryan, became seized, inter alia, of the undivided one-third of the lands in dispute in this action.

3. That on the 17th day of August, 1898, at No. 240, September Term, 1898, a writ of scire facias to revive and continue the lien of the said judgment at No. 287, September Term, 1893, was issued, which said writ of scire facias was served upon Henry A. Bryan, the plaintiff, and the same was not served on his codefendant, the said Aaron Boone Bryan.

4. That after the return day of the said writ of scire facias at No. 240, September Term, 1898, no appearance or defense having been made by the said Henry A. Bryan, the plaintiff entered judgment on the 9th day of September, 1898, for want of an appearance and for want of an affidavit of defense; the præcipe for the said

judgment directing the prothonotary to enter judgment against the said Henry A. Bryan, one of the defendants in said judgment.

5. That the prothonotary instead of following the command of the said præcipe entered judgment against the defendants named in the writ of scire facias, to wit: Henry A. Bryan and Aaron Boone Bryan.

6. That on the 4th day of November, 1898, at No. 63, December Term, 1898, the plaintiff issued a writ of fieri facias (being an alias writ) on the said judgment at No. 287, September Term, 1893; and the sheriff by virtue of the last mentioned writ levied upon inter alia, the title of the said Henry A. Bryan in and to the lands involved in this suit, and on December 3, 1898, sold the same to Oliver A. Douds, one of the defendants in this action of ejectment.

7. That the title acquired by the said Oliver A. Douds in and to the said property became by virtue of sundry conveyances vested in the defendant, Jones & Laughlin Steel Company.

The court entered judgment in favor of the defendant. Plaintiff appealed.

*Error assigned* was the judgment of the court.

*Frank C. Whitesell* and *William A. McConnel,* for appellants, cited: Sherrard v. Johnston, 193 Pa. 166; Packer's App., 6 Pa. 277.

*J. F. Reed, Agnew Hice, M. J. Patterson* and *D. K. Cooper,* for appellees, cited: Van Zandt v. Winters, 22 Pa. Superior Ct. 181; Packer's App., 6 Pa. 277; Mencke v. Rosenberg, 202 Pa. 131; Wilson's App., 90 Pa. 370; Hinds v. Scott, 11 Pa. 19; Sherrard v. Johnston, 193 Pa. 166.

OPINION BY MR. JUSTICE STEWART, January 6, 1913: The validity of the execution process under which the

real estate of Henry A. Bryan was sold to defendant's predecessor, does not depend in the slightest degree upon the regularity of the judgment obtained in the revival proceedings. The execution issued on the original judgment. True, this judgment, except as revived, was not a lien upon the land sold, inasmuch as the land had been acquired subsequent to its rendition; but it was notwithstanding sufficient to support execution process; and when under such process the land was levied on, it thereby became subject to the lien, not of the judgment, but of the levy. The fact that more than five years had elapsed from the rendering of the judgment and the issuing of the execution did not render the process void. Certainly, the defendant was entitled to be warned by scire facias before the seizure of his land in satisfaction of the debt; but, because this provision in the law, as said in Hinds v. Scott, 11 Pa. 19, is for the debtor's personal protection, he may refuse or neglect to take advantage of it; and where such refusal or neglect to assert his privilege continues until his property has been seized and sold in satisfaction of his debt, he is definitely concluded from thereafter asserting his privilege. In Hinds v. Scott, supra, this very question was before the court, and it was there settled once for all that where one suffers his land to be sold upon an execution the judgment upon which it issued being more than five years old and not revived by scire facias, neither he nor those claiming under him can afterward, in a collateral proceeding, be permitted to call in question the validity of the sale. That case governs this, and it is, therefore, unnecessary to inquire into the regularity of the revival proceeding, since without revival the execution process under which the land was sold was entirely adequate to support the sale that followed.

The assignments of error are overruled and the judgment is affirmed.