## Citizens Bank of Barnsboro, to use, v. Variali

G. S. *Parnell*, for petitioner, exceptant; E. E. *Creps*, contra.

LANGHAM, P. J., June 24, 1932.—On November 5, 1926, Citizens Bank of Barnesboro, Barnesboro, Pa., entered judgment in the Court of Common Pleas of Indiana County, at No. 327, December Term, 1926, against Pasquale Variali. On February 3, 1928, a judgment against said defendant was entered in favor of Luigi Troili, at No. 302, March Term, 1928. On October 6, 1931, by order of court, the judgment of the bank was marked to the use of the Secretary of Banking of the Commonwealth of Pennsylvania in possession of the business and property of Citizens Bank of Barnesboro, Barnesboro, Pa., acting by George F. Taylor, Jr., special deputy secretary of banking, as agent. The same day a liquidation of said judgment was filed, fixing the amount due thereon as $400, with attorney's commission and interest from February 18, 1931. On October 6, 1931, a fi. fa. was issued on said judgment, and on November 4, 1931, a levy was taken of defendant's real estate. Thereafter a writ of vend. ex. was issued, and the real estate was put up for sale and after due advertisement was sold by the sheriff on March 11, 1932, for $800, to the plaintiff on

the writ. Here it should be observed that the judgment of the bank above mentioned was not revived and lien continued by amicable sci. fa. or writ of sci. fa. issued within the period of five years from date of entry, to wit, November 5, 1926. Following the sale, the sheriff filed his schedule of distribution in the office of the prothonotary and gave notice thereof as required by the recent Act of June 12, 1931, P. L. 542. In said distribution, which has attached certificates of liens showing the status of the two judgments above mentioned to be as hereinbefore related, the balance remaining of the fund, after payment of costs and taxes, was awarded to the judgment of Luigi Troili, No. 302, March Term, 1928. Plaintiff in the writ within six days from date of said distribution presented a motion or petition for a rule on the sheriff to "show cause why the writs of execution of the above plaintiff against the above defendant should not be returned and to pay the proceeds of the sale into court," the motion or petition also having attached a form for use of the court to appoint an auditor to distribute the fund. This motion or petition asserted, inter alia, that the proceeds of the sale should have been awarded to plaintiff's judgment and not to that of Luigi Troili. A rule was granted as prayed for, to which answer was made by the sheriff and also by Luigi Troili, he having secured leave of court to intervene. Both challenged the right of plaintiff to have adopted the course suggested in the motion and rule thereon, and asserted that award was properly made to the judgment of Luigi Troili. Counsel for the respective parties in interest waived oral argument and agreed to submit their positions by briefs which have been filed.

We are satisfied plaintiff is not entitled to have done the things set out in the motion and rule thereon, namely, to have the money paid into court and distributed by an auditor. It is the express duty of the sheriff, imposed upon him by statute (Act of June 12, 1931, P. L. 542, and prior acts which it amends), to make distribution "according to the list of liens on the property sold," and anyone who claims that said distribution is not correct is required to file exceptions thereto and "the court shall proceed to hear and determine the same." In some instances, proceeds of a sale may be paid into court and distributed by an auditor, but this can only be done on the application of the sheriff where the court is satisfied that by reason of peculiar circumstances the sheriff cannot safely distribute in accordance with the data shown merely upon the lists of liens. Accordingly, in so far as the question of procedure is herein raised, it is apparent the rule should be discharged. However, we feel it is proper to view plaintiff's motion or petition as in effect exceptions to the distribution as required by law and to consider the case upon its merits.

Counsel for Luigi Troili (who is also attorney for the sheriff) contends that the judgment lost its priority of lien by reason of the fact that within the five years subsequent to its entry no steps were taken as required by law to revive the judgment and continue the lien thereof, and that thereby Troili's judgment advanced to the position of first lien and that by law it was entitled to take the proceeds of sale. Counsel for plaintiff takes a contrary position and states in his brief, inter alia, "the issuance of execution and levy on said real estate within the five-year period creates a first lien on the fund derived from said sale, the judgment of the plaintiff in this execution being a first judgment at that time," etc.

Unfortunately for plaintiff, the law is against his proposition. The Act of June 1, 1887, P. L. 289, provides the method whereby a judgment may be revived and lien continued beyond the five-year period after its entry, and that is "by agreement of the parties . . . filed in writing, and entered on the proper docket, or a writ of *scire facias* to revive the same be sued out within said period, accord-

ing to the provisions of the act to which this is a supplement. . . ." Plaintiff's judgment lost its lien by reason of failure to file an amicable sci. fa. or sue out a writ of sci. fa. Did the issuance of the fi. fa. preserve or renew the lien or create a new one? The question has been expressly ruled against plaintiff in Davis *v.* Ehrman, 20 Pa. 256, 258, wherein the Supreme Court says:

"The argument here is, that the ground-rent having been levied in execution within the statutory period, the law will continue the lien for a reasonable time beyond the five years, to allow a sale to be effected. Such an extension would be a flat contradiction of the letter and spirit of the Act of 1827 [the Act as to reviving by sci. fa. or amicable sci. fa. of which the Act of 1887 above noted is a supplement], and unauthorized by the course of judicial decision. If process be issued at so late a day that execution of the estate cannot be had in the lifetime of the lien, it ought to be accompanied by a *scire facias* which will have the effect of preserving the lien. . . . In such case it never was supposed by the legislature or the profession, that a judgment, and an execution on it, had *each a distinct and independent lien:* Jameson's Appeal, 6 Barr 280. To limit the lien of judgments so explicitly as is done by the Act of 1827, and to leave the lien of executions unlimited, would have been absurd legislation. . . ." (Italics ours.)

This principle is reiterated in Stephens's Executors' Appeal, 38 Pa. 9, and the case is cited with approval in Cake's Estate, 186 Pa. 412, 415.

Again, in Scott et al. *v.* Waynesburg Brewing Co., 256 Pa. 158, the law is thus stated:

"No excuse avails for failure to revive a judgment in the way provided by statute, least of all the suggestion that the appointment of a receiver suspends such right. It does not so operate. The object in issuing the scire facias is not to obtain a new lien, but to continue an existing one. . . ."

Counsel for plaintiff takes a further position, as set up in his brief, that "the said judgment being the property of the Commonwealth of Pennsylvania, the statute of limitations cannot operate against the Commonwealth of Pennsylvania and in favor of Luigi Troili, the holder of the second judgment." Even if there were involved the question of the running of a statute of limitations against the Commonwealth, plaintiff's proposition is based upon a statement not true in law or in fact, wherein he says the judgment marked to the use of the secretary of banking is the "property of the Commonwealth of Pennsylvania." It belongs to the depositors and creditors of the plaintiff bank, and the Commonwealth has merely possession of it as liquidating agent.

Counsel for plaintiff quotes in his brief excerpts from The Banking Act of June 15, 1923, P. L. 809, Sec. 36, and its amendment of May 5, 1927, P. L. 762, Sec. 16. They have no controlling effect in this case. The same is true as to section 1401 of The Fiscal Code of April 9, 1929, P. L. 343. This act creates a first lien in the Commonwealth for state taxes, bonus, interest, penalties and all public accounts. Manifestly, it in no sense applies to the case at bar.

We, therefore, hold that the judgment of plaintiff having lost its prior lien by reason of failure to revive the same, as required by law, the judgment of Luigi Troili became the first lien upon the real estate of defendant and the proceeds of the sheriff's sale were properly awarded to said judgment of Luigi Troili.

And now, June 24, 1932, the rule heretofore granted is discharged, plaintiff's motion considered as exceptions to the sheriff's distribution is dismissed and said distribution is confirmed absolutely and directed to be recorded.

From James L. Jack, Indiana, Pa.