Steinhardt, Appellant, *v.* Russian Orthodox Catholic Mutual Aid Society.

Argued November 14, 1950. Before DREW, C. J., STEARNE, JONES, BELL, LADNER and CHIDSEY, JJ.

*Peter Kanjorski,* for appellants.

*Jacob Seminov Russin,* for Russian Orthodox Catholic Mutual Aid Society, appellee.

*Alfansy Klimowicz* et ux. and *Frank Walkowiak* et ux., appellees, in propriis personis.

OPINION BY MR. JUSTICE LADNER, January 2, 1951:
This is an appeal from a judgment entered in favor of the defendants on preliminary objections to a complaint filed in an action of ejectment for the recovery of two parcels of real estate designated therein as parcels No. 1 and 2 respectively. The relevant facts averred in the plaintiffs' complaint are as follows:

On May 2, 1925, Alfanasy Klimowicz and Antonia, his wife, were owners of both parcels 1 and 2, and on that day executed to the defendant, a mortgage and bond and warrant in the amount of $6,000 on parcel No. 2, duly recorded. On February 16, 1932, judgment was entered on the bond in favor of the defendant against the mortgagors. In 1936, the property was conveyed to the plaintiffs by the judgment debtors, but the record does not set forth the terms of the deed of conveyance nor the consideration therefor, if any. On February 13, 1937, a sci. fa. to continue the lien of the judgment was issued against the judgment debtors (mortgagors) and the plaintiffs (grantees) as terre tenants. Judgment was duly entered thereon April 14, 1937. A writ of execution (fi. fa.) was issued on this judgment March 28, 1942, under which a levy on both parcels was made before the lien expired. On May 1, 1942, the premises (both parcels) were sold at a sheriff's sale and bought in by the defendant. It will be noted that the *sale* took place *after* the lien had expired. The sheriff's deed dated May 11, 1942, and acknowledged June 13, 1942, was duly executed conveying the property (except

for the interest of one of the plaintiffs, Dimitri Klimowicz, whose rights in the property were adequately protected by the court below) to the defendant. The defendants went into possession of the property on February 27, 1943, and the plaintiffs claimed mesne profits from that date in addition to possession and title.

To the complaint averring the above facts, preliminary objections were filed pursuant to Pa. R.C.P. No. 1017 (b)(4), the basis of the preliminary objections being that the complaint did not set forth a cause of action. The case was regarded by the learned court as raising only the question whether a sheriff's sale was valid where held after the expiration of five years from the date of the last revival, the execution and levy having been made before the judgment had ceased to be a lien.

The court below entered judgment for the defendants.

This judgment must be reversed though, as hereafter pointed out, the sale was valid as to parcel No. 2. It is true it was held in the cases cited by the learned court below, viz., *Hinds v. Scott,* 11 Pa. 19, and *Bryan v. Jones & Laughlin Steel Co.,* 238 Pa. 191, 85 A. 1089, that a sheriff's sale of a judgment debtor's real estate will be upheld as against the *defendant* even though the lien of that judgment has not been revived by sci. fa. within 5 years of the sale. This is because a plaintiff in a judgment has a right to levy and sell any property of the defendant, real or personal, whether the judgment be a lien or not at the time. However, when real estate, originally that of a judgment debtor, has been conveyed to grantees, it cannot be seized or sold on an execution except during the time the judgment is a lien on the terre tenant's lands. The Act of March 26, 1827, P.L. 129, as amended by the Act of June 1, 1887, P.L. 289, 12 P.S. 868, expressly forbids it: *Davis v. Ehrman,* 20 Pa. 256. That case holds that since the Act of 1827

limited the lien of judgments on real estate to five years, nothing but an amicable revival or a revival by sci. fa. issued within five years from the entry of a judgment will continue its lien beyond that period. The issuance of a fi. fa. within such period and the levying on the land which the judgment debtor has conveyed to terre tenants will not extend the lien beyond the five years for so long a period as to allow a sale to be effected. This rule, so far as we are able to ascertain, has never been departed from and has been recognized in *Stephens's Executors' Appeal,* 38 Pa. 9 (1860) ; *Estate of Joseph W. Cake,* 186 Pa. 412, 40 A. 568 (1898).

It is argued by the appellees and suggested in the opinion of the learned court below that because the grantees are the children of the judgment debtors and because there had been a prior timely revival of the lien of the judgment after the conveyance, by sci. fa. proceedings in which judgment had been entered against the grantee children as terre tenants, this case is not ruled by those just cited. In answer to the argument that the plaintiffs were but mere volunteers not purchasers for value, all we can now say is that this does not appear in the record. If it is a fact that grantees were not bona fide purchasers this may or may not be material, depending on the facts pleaded, but that question we cannot pass on in the present state of the record. So also it may be material to know whether the deed to the grantees was conveyed "under and subject" to the judgment or whether there are other elements of estoppel which would preclude the plaintiffs from recovery because they failed to contest the sheriff's sale promptly. It may well be that it is now too late for the plaintiffs to invoke the rule they rely on. Nor do we see how the fact that judgment was entered against the terre tenants in the sci. fa. proceedings is any ground for distinguishing this case from the precedents we have cited because a judgment on sci. fa. proceedings

to continue a lien against terre tenants is in no sense a personal judgment against the terre tenants: *Adelson v. Kocher,* 154 Pa. Superior Ct. 548, 36 A.2d 737 (1944). It would have been better in the circumstances to have refrained from entering a final judgment on preliminary objections, and directed an amendment which when answered would have enabled the facts to be more fully developed and if not disputed the appropriate judgment could have been entered on the pleadings under Pa. R.C.P. No. 1034.

What we have said hereinbefore refers only to parcel No. 1. The sale of parcel No. 2 may be sustained on the application of an entirely different principle. Where a judgment is entered on a bond accompanying a mortgage of record the lien of that judgment, so far as the *mortgaged premises* are concerned, relates back to the date of the mortgage (*Keene Home v. Startzell,* 235 Pa. 110, 83 A. 584 (1912); *West Arch Building & Loan Assn. v. Nichols,* 303 Pa. 434, 154 A. 703 (1931)) and so long as the mortgage remains unsatisfied the mortgagee has the option to proceed either by foreclosure of the mortgage or by fi. fa. on the judgment. The sale under either would discharge the other. As to the mortgaged premises therefore (i.e., parcel No. 2) the validity of the sale in no sense depends on timely periodic continuance of the judgment lien, for proceedings thereon derive their effectiveness not from the lien of the *judgment* but from the lien of the *mortgage,* which needs no revival and continues until satisfied or discharged.

The judgment is reversed so far as it relates to parcel No. 1, with a procedendo, and is affirmed so far as it relates to parcel No. 2, the sheriff's sale as to which we now rule to be valid. The parties to pay their own costs in this appeal.