## Bloch *v.* Bloch, Appellant.

356

Argued April 15, 1954. Before HIRT, ROSS, GUN-THER, WRIGHT, WOODSIDE and ERVIN, JJ. (RHODES, P. J., absent).

*Stanton S. Oswald,* with him *Louis M. Cohen* and *Wolf, Block, Schorr & Solis-Cohen,* for appellant.

*Robert L. Trescher,* with him *John T. Acton, Isaac S. Grossman* and *Montgomery, McCracken, Walker & Rhoads,* for appellee.

OPINION BY GUNTHER, J., August 30, 1954:

Plaintiff wife and defendant husband executed a separation agreement in 1949 which provided, inter alia, that the defendant should pay $200 per month support "to continue until the remarriage or death of Wife or the death of Husband, whichever shall first occur and shall thereupon terminate." The parties were subsequently divorced. The husband failed to make the

usual $200 payment in November, 1953, and the wife brought suit therefor. In her complaint the wife plaintiff set forth the agreement and the alleged default and further averred that she had never remarried. Defendant's answer admits the allegation in the complaint except that of plaintiff's nonremarriage, to which he answered that he was without knowledge thereof, the proof lying within plaintiff's exclusive control and demanded proof thereof. Plaintiff then filed a motion for judgment on the pleadings, which was granted by the court below. The court below reasoned that the wife's nonremarriage was a condition subsequent and not precedent to the payment of monthly support, was therefor not a necessary allegation in the complaint, and would have to be denied by defendant under new matter.

Assuming, without specifically deciding the matter, that the plaintiff's nonremarriage is a condition precedent to her right to receive each monthly installment of support, she would then be required to plead generally that such condition had been complied with. Pennsylvania Rule of Civil Procedure 1019(c). The plaintiff has complied with that requirement by pleading specifically in her complaint that she had never remarried. Rule 1019(c) further requires that "A denial of such performance or occurrence shall be made specifically and with particularity." The defendant contends that he has complied with this requirement, and thereby raised an issue of fact, by including in his answer the following as to plaintiff's remarriage: "Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment that the plaintiff has never remarried, because the means of proof are within the exclusive control of an adverse party or hostile person, wherefore proof thereof is demanded. Accordingly, the averment that the plaintiff

has never remarried is deemed to be denied in accordance with Pennsylvania Rule of Civil Procedure No. 1029(c)."

We cannot agree that defendant's answer sets forth a proper denial or raises an issue of fact. Rule 1029(c)(2) can be invoked only when the means of proof are within the exclusive control of an adverse party or hostile person. Since marriage is a matter of public record, Rule 1029(c)(2) is inapplicable here. Defendant protests that he cannot search every court house in the land. Conversely, the plaintiff cannot get a monthly affidavit from every court house that she has not remarried. The most that she can do is what has been done, viz. declare, by sworn affidavit, that she has not remarried. If defendant has evidence to the contrary, which he admittedly has not, he must set it forth in his answer "specifically and with particularity." If defendant's answer were held sufficient, the jury would be presented with a plaintiff stating under oath that she had not remarried and a defendant without a scintilla of contradictory evidence. Such a vain and useless procedure shall not be encouraged.

Since the defendant has not filed a proper denial and admittedly has no evidence from which such averment can be made, judgment for plaintiff on the pleadings was properly granted.

Judgment affirmed.

ERVIN, J., files dissenting opinion.

---

DISSENTING OPINION BY ERVIN, J.:

This is an appeal from the judgment of the lower court summarily entered in favor of the plaintiff-wife on her motion for judgment on the pleadings.

The parties to this action, while still husband and wife, entered into a separation agreement on August

4, 1949, which provided, inter alia, "2. (a) Husband agrees that he will pay to Wife, for the maintenance and support of Wife, the sum of Two Hundred Dollars ($200.00) per- month, the first payment to be made on the first day of August, 1949 . . . and subsequent payments to be made on the first day of each succeeding month. . . .

"2. (c) The payments provided for in subparagraph (a) hereof are to continue until the remarriage or death of Wife or death of Husband, whichever shall first occur, and shall thereupon terminate."

Thereafter, on November 28, 1949 the parties were divorced.

From August 1, 1949 until October 1, 1953 inclusive, payment was made by defendant on the first of each month. Defendant did not pay the amount alleged to have become due on November 1, 1953, whereupon the plaintiff brought this suit.

After averring the execution of the agreement, Paragraph 2 of plaintiff's complaint alleged: "2. The plaintiff, Dorothy S. Bloch, has never remarried and brings this action on her own behalf."

Defendant, after admitting the execution of the agreement, averred as follows in his answer to the aforesaid Paragraph 2: "2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment that plaintiff has never remarried, because the means of proof are within the exclusive control of an adverse party or hostile person, wherefore proof thereof is demanded. Accordingly, the averment that the plaintiff has never remarried is deemed to be denied in accordance with Pennsylvania Rule of Civil Procedure No. 1029 (c)."

I do not consider it necessary to decide whether the clause "Payments under the contract shall terminate upon remarriage of the wife" is a condition

360

precedent or subsequent or whose burden it is to plead it. The parties themselves by the pleadings set up that issue of fact.

The question to be decided is not whether the complaint or answer be so clear, in both form and specification, as to entitle the parties to proceed to trial without amending it, but whether upon the facts averred, it shows with certainty that the law will not permit a recovery or defense.[1]

Here the second form of denial permitted by Pa. R. C. P. 1029 (c) was used. In my judgment this was proper because the defendant could not be expected to search every public record in the world to ascertain whether the plaintiff-wife had remarried, nor was defendant-husband obliged, under the express wording of the rule, "to rely upon information received from an adverse party or hostile person." Even though it were not considered a proper denial, defendant should have been permitted to amend. The language of Mr. Justice SIMPSON in *Rhodes v. Terheyden,* 272 Pa. 397, 116 A. 364, is particularly appropriate: "Any other conclusion would be a reversion to the practice,—common in ancient days, but happily not now,—of making the rights of litigants depend on the skill of the pleader, rather than on the justice of their claims."

Where a doubt exists as to whether a summary judgment should be entered, this doubt should be resolved in favor of refusing to enter it.[2]

[1] *Rhodes v. Terheyden,* 272 Pa. 397, 401, 402, 116 A. 364; *Moran v. Bair,* 304 Pa. 471, 156 A. 81; *Adler v. Helsel,* 344 Pa. 386, 389, 25 A. 2d 714; *Steinhardt v. Russian Orthodox Catholic Society,* 366 Pa. 222, 226, 77 A. 2d 393; *Sun Ray Drug Co. v. Lawler,* 366 Pa. 571, 573, 79 A. 2d 262; *Lacy v. East Broad Top R. R. & Coal Co.,* 168 Pa. Superior Ct. 351, 77 A. 2d 706.

[2] *Rhodes v. Terheyden et al.,* 272 Pa. 397, 116 A. 364; *Briggs et al. v. Logan Iron & Steel Co.,* 276 Pa. 326, 120 A. 280; *Steel v.*

The action taken by the learned court below was an abuse of discretion and I would reverse with a procedendo.

*Levy*, 282 Pa. 338, 127 A. 766; *Thomas v. Employers L. Assur. Corp.*, 284 Pa. 129, 134, 130 A. 322; *Miller v. Miller*, 284 Pa. 414, 416, 131 A. 236; *Gray v. Phila. & Reading Coal & Iron Co.*, 286 Pa. 11, 14, 132 A. 820; *Stevens v. Smith*, 310 Pa. 287, 288, 165 A. 237; *Sun Ray Drug Co. v. Lawler*, 366 Pa. 571, 573, 79 A. 2d 262.