## General Accident Fire and Life Assurance Corp., Ltd., v. Athey

Before Carson, P.J., Cummins and Weiner, JJ.

*Stephen D. Marriner,* for plaintiff.

*Paul P. Posa, Patrick M. O'Donnel* and *Parker, Evashwick & Brieger,* for defendants.

CUMMINS, J., January 12, 1959.—This is a declaratory judgment proceeding instituted by the General Accident Fire and Life Assurance Corporation, Ltd.,

the principal purpose of which is to determine which of three liability insurance companies is required to defend the original defendants or either of them, and the additional defendant in a trespass suit filed in this court by Agnes D. Athey and Irwin L. Athey, Plaintiffs, at no. 89, November term, 1956.

The petition alleges that the said trespass suit at no. 89, November term 1956, was filed by Agnes D. Athey and Irwin L. Athey to recover damages arising from an alleged collision on October 21, 1955, of an automobile operated by Irwin L. Athey, in which automobile Agnes D. Athey was a passenger, and an automobile operated by Dan E. Brennan, one of the original defendants in the trespass suit. Plaintiffs in that proceeding also named as an original defendant First Discount Corporation, for whom the said Dan E. Brennan was allegedly an agent at the time of the said collision. The said complaint also alleged that the automobile operated by the said Dan E. Brennan was owned and/or in the control of the First Discount Corporation.

The First Discount Corporation, one of the original defendants in that trespass suit, filed answer denying that the said Dan E. Brennan was its agent at the time of the said collision and alleging, on the contrary, that the said Dan E. Brennan was the agent of Donald W. Godfrey, and, moreover, the First Discount Corporation filed a præcipe and complaint joining the said Donald W. Godfrey as an additional defendant in that proceeding.

The petition with which this declaratory judgment proceeding was instituted alleged that the First Discount Corporation requested petitioner herein, General Accident Fire and Life Assurance Corporation, Ltd., to defend the First Discount Corporation in the trespass suit filed by Athey under the terms of a policy

of insurance attached to the petition for declaratory judgment and therein denoted "Exhibit A". Petition recites that petitioner refused coverage to the First Discount Corporation in that instance.

The petition further recites that the Northwestern National Casualty Co., had issued a policy of liability insurance to Donald W. Godfrey, another of the defendants herein, and the additional defendant in the aforesaid trespass suit, that the said policy of insurance was in effect at the time of the aforesaid collision. The petition further alleges that the operator of the automobile involved in the collision with the Athey automobile was at the time of the collision operating an automobile owned by Donald W. Godfrey with the consent, direction and permission of the said Donald W. Godfrey.

The petition also alleges that Continental Casualty Co., had afforded liability insurance to the said Dan E. Brennan under a policy in effect at the time of the alleged accident.

The said petition for declaratory judgment was inadvertently entered at the same number and term as the aforesaid trespass suit and, on petition of the General Accident Fire and Life Assurance Corporation, Ltd., said action was assigned the number which appears above.

Defendants named in this declaratory judgment proceeding include all of the parties in the aforesaid trespass suit and also Northwestern National Casualty Co., and Continental Casualty Co., allegedly liability insurers of Donald W. Godfrey and Dan E. Brennan, respectively.

First Discount Corporation has filed an answer to the petition for declaratory judgment, the Continental Casualty Co., has filed a preliminary objection, challenging the jurisdiction of this court, and the North-

western National Casualty Co., has filed preliminary objections raising the objection of adequacy of remedy at law, and a demurrer to the petition for declaratory judgment on the theory that the petition fails to state a cause of action against Northwestern National Casualty Co., as certain conditions precedent to its liability to defend an insured under the terms of the said policy are not alleged to have been satisfied.

The policy issued by Northwestern National Casualty Co., as set forth in the petition and denoted "Exhibit B", provides, under the heading, "Conditions":

"1. Notice of Accident

"Coverages A, B, C-1 and C-2

"When an accident occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and of available witnesses.

"2. Notice of Claim or Suit

"Coverages A and B

"If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative."

The petition of General Accident Fire and Life Assurance Corporation, Ltd., for declaratory judgment does not allege that the said conditions were satisfied by Dan E. Brennan, First Discount Corporation or Donald W. Godfrey, parties for whom the petition asks that Northwestern National Casualty Co., be required to provide a defense in the aforesaid trespass suit.

The General Accident Fire and Life Assurance Corporation, Ltd., has an adequate remedy at law for the matters complained of in the petition for declaratory judgment and, accordingly, the petition for declaratory judgment should be dismissed.

The only relief requested by plaintiff in this declaratory judgment proceeding, which relates to the Northwestern National Casualty Co., is subparagraph (c) of the prayer for relief. Therein, plaintiff, General Accident Fire and Life Assurance Corporation, Ltd., asks that this court determine that the Northwestern National Casualty Co., under its policy of insurance granted to Donald W. Godfrey attached as Exhibit "B" to the petition for declaratory judgment, be required to defend the said Donald W. Godfrey, Dan E. Brennan and First Discount Corporation in the aforesaid trespass suit. The petition does not allege that plaintiff now has any claim against Northwestern National Casualty Co., directly and asks no relief directly against this defendant.

Moreover, the petition does not allege that any of the persons for whom plaintiff asks that Northwestern National Casualty Co., be required to supply a defense, have ever requested a defense from Northwestern National Casualty Co., or have asserted any rights under the policy attached to the petition for declaratory judgment. This defendant submits that if it is to defend Donald W. Godfrey, Dan E. Brennan or First Discount Corporation, it should be at the request of those persons and not at the instance of plaintiff in this proceeding.

We understand the gist of the petition for declaratory judgment to be that the coverage afforded to First Discount Corporation by plaintiff is not the primary coverage for its insured applicable to the aforesaid trespass suit but that primary coverage is afforded

under the terms of the policy allegedly issued by Northwestern National Casualty Co., to Donald W. Godfrey. If plaintiff is correct in this interpretation of the policy and its understanding of the facts, any loss sustained by plaintiff by reason of the failure of Northwestern National Casualty Co., to defend the said parties in the trespass suit may be recovered in an action of assumpsit after those damages have actually been sustained. At the present time, however, such damages are most uncertain and speculative. The First Discount Corporation, it is alleged in the petition for declaratory judgment, has filed an answer in the trespass suit denying that the operator of the automobile which collided with the Athey automobile was its agent. If the First Discount Corporation should prevail in this contention at the trial of the trespass suit, plaintiff in this proceeding will have suffered no loss. In any event, the courts of Pennsylvania have refused to take jurisdiction of a petition for declaratory judgment when it is unnecessary to do so.

As the Supreme Court of Pennsylvania observed in a case strikingly similar to the case at bar, the issue as to whether a court will take jurisdiction for a petition for declaratory judgment or decree is purely a matter of discretion: Eureka Casualty Company v. Henderson, 371 Pa. 587, 591. In that case, the Eureka Casualty Co. had sought a declaratory judgment to the effect that it was not required to defend defendant, one of its assureds, in a trespass suit filed in the State of New York. The court properly analyzed this position as actually a claim to a defense in an action which might thereafter have been brought against it to recover under the policy of insurance issued to defendant in the declaratory judgment proceeding. The court further explained that the company should be relegated for the establishment of its defense to an action under the policy if one should be brought rather than to

have the court conduct a declaratory judgment proceeding which may prove to be merely academic in that plaintiff's insured might have prevailed in the trespass suit.

For these reasons, we believe that the General Accident Fire and Life Assurance Corporation, Ltd., has an adequate remedy at law and that this court should refuse to take jurisdiction of a petition for declaratory judgment, which is so obviously premature and which involves a great number of complex and largely unrelated issues which may better be determined in other and more appropriate proceedings.

The petition for declaratory judgment fails to state a cause of action against Northwestern National Casualty Co., in that the said petition does not allege compliance with conditions precedent to liability of defendant insurance carrier and, accordingly, the demurrer to the petition for declaratory judgment should be sustained.

Although this action was commenced by the General Accident Fire and Life Assurance Corporation, Ltd., rather than by the named insured in the policy issued by Northwestern National Casualty Co., or by any other person or firm qualifying as an insured thereunder, it is clear that the relief sought herein cannot be granted unless the persons for whom a defense is requested in the trespass suit have satisfied the conditions precedent in the policy.

The policy contains a number of conditions, two of which require that when an accident occurs, written notice shall be given by or on behalf of the insured to the company or its authorized agents as soon as possible, and requiring also that if claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his

representative. Under the theory of plaintiff's petition for declaratory judgment, Dan E. Brennan, First Discount Corporation and Donald W. Godfrey are insureds under the Northwestern National Casualty Co., policy. The copy of the policy attached to the petition for declaratory judgment contains the conditions above referred to, which appear in the said policy as conditions nos. 1 and 2. The copy of the policy appearing in the petition further provides, as condition no. 7:

"No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company."

Condition no. 8, as set forth in the copy of the policy attached to the petition, further provides that:

"No action shall lie against the company unless, as a condition precedent thereto, there shall have been full compliance with all the terms of this policy, nor until thirty days after the required proofs of claim have been filed with the company."

Pennsylvania Rule of Civil Procedure No. 1019(c) requires that in pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or occurred. It has always been held that the complaint in an action on an insurance policy, and that is, in effect, the nature of this proceeding, must allege that conditions precedent have been satisfied. This rule has been recognized in many cases, including Zirot v. Resolute Fire Insurance Co., 12 Beaver 89 (1949); Doyle v. Aetna Life Insurance Company, 4 Chester 378 (1950); and White v. Seaboard Mutual

Casualty Co., 73 D. & C. 15 (1949). Those cases held that where an insurance policy requires the insured to give notice to the insurer, the giving of such notice is a condition precedent to liability of the insurer and that an action on the policy must contain at least a general allegation that the plaintiff has performed such condition.

By reason of the relief sought against Northwestern National Casualty Co., which is actually a relief in favor of persons alleged by the petition to be insureds under the Northwestern National Casualty Co., policy, this proceeding must be treated as an action on the policy, and the petition must contain all of the elements which would be essential to a complaint in an action on the policy brought directly by an alleged insured. However, the complaint does not allege generally or specifically that any or all of the alleged insureds have satisfied any or all of the conditions precedent to liability of Northwestern National Casualty Co., to them. This defect precludes the granting of the relief sought and defendant's demurrer should be sustained: Bloch v. Bloch, 176 Pa. Superior Ct. 355 (1954).

In consideration of the above, we make the following

*Order*

And now, January 12, 1959, the preliminary objections filed by the Northwestern National Casualty Company, defendant, are hereby sustained, and the petition for declaratory judgment filed by the General Accident Fire and Life Assurance Corporation, Ltd., plaintiff, is hereby dismissed.

*Order*

And now, January 12, 1959, in consideration of the pleadings in this case and the briefs filed by the par-

ties herein, it is ordered that the preliminary objections filed by the Continental Casualty Company, defendant, are hereby sustained, and the petition for declaratory judgment filed by the General Accident Fire and Life Assurance Corporation, Ltd., plaintiff, is hereby dismissed.