## Philadelphia National Bank *v.* Taylor
### (et al., Appellant).

Argued March 16, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

*Roderick D. Mathewson,* for appellant.

*Francis J. Mirante,* with him *Hinkson & Cantlin,* for appellee.

OPINION BY JACOBS, J., June 17, 1965:

On March 14, 1956, the appellee bank entered a judgment by confession against J. Irvin Taylor and Bettie Jane Taylor in the Court of Common Pleas of Delaware County. A writ of execution was issued on this judgment on March 9, 1961, which writ was docketed and indexed. The writ was stayed by the appellee on September 7, 1961. A second writ of execution was issued by appellee on March 25, 1964, pursuant to which the Taylors' real estate was sold by the sheriff on May 22, 1964, and purchased by the appellee for $1650.00. The sheriff of Delaware County filed a schedule of proposed distribution by which, after the payment of taxes and costs, he proposed to pay the balance of the proceeds of the sale to the appellee on account of its judgment.

The appellant, Sarah Steinberg, is the assignee of a judgment entered against J. Irvin Taylor and Bettie Jane Taylor on June 5, 1956, which was revived by the filing of an amicable scire facias on July 19, 1961. Appellant filed exceptions to the proposed distribution by the sheriff claiming that the balance in the sheriff's hands should be paid to her as the prior lien holder. Appellant claims that the lien of appellee's original judgment was lost by the stay of execution on September 7, 1961, that her judgment having been revived on July 19, 1961, was a prior lien at the time of the sale. The court below dismissed appellant's exceptions to the distribution and this appeal is taken from that order.

The law of liens on real estate in Pennsylvania is controlled by the Judgment Lien Law, Act of July 3, 1947, P. L. 1234, Sections 1 through 8, 12 P.S. 877 to 884 inclusive. All legislation prior to that act is inapplicable. *Harris v. Holdi,* 181 Pa. Superior Ct. 339.

Section 7(a) of the Judgment Lien Law of 1947, 12 P.S. 883, provides that the holder of any judgment may, within five years after its entry, have execution against any real property bound by the lien of the judgment and thereafter states as follows:

"In the case of real property which is then subject to the lien of the judgment, the execution, when docketed and indexed, shall continue such lien beyond the time it would otherwise have expired. Any lien obtained or continued solely as the result of the docketing and indexing of an execution shall continue only for a period of five years from the indexing of the execution."

In this case the execution begun by appellee was indexed and docketed on March 9, 1961, when the real estate was still subject to the lien of its judgment. The lien, by the specific wording of the above statute, was continued for a period of five years from March 9, 1961.

The sheriff's sale was held May 22, 1964, within that latter five year period. We, therefore, find that the lien of appellee's judgment dates from March 14, 1956, and is prior to the lien of appellant's judgment. The court below acted properly in striking off appellant's exceptions to the proposed schedule of distribution.

Appellant argues that the lien of the execution issued on March 9, 1961, was terminated by the stay of the writ on September 7, 1961. However, the lien involved in this case is the lien of the judgment and not the lien of the execution, and Section 7(a), above quoted, in clear language continues the lien of the judgment. It is also clear from a reading of the above section that all that is necessary to continue the lien of the judgment is that the writ of execution be docketed and indexed. The case of *Miller v. Park Trading Corporation*, 22 Lehigh L.J. 115, has no application for two reasons. In the first place, it pertained only to the levy of an execution on personal property, and in the second place it was decided prior to the Judgment Lien Law of 1947.

Appellant also argues that Section 7(a) of The Judgment Lien Law of 1947 was added to protect the lien of a judgment on which an execution was issued within the five year period but on which sale could not take place until after the five year period. Under the prior law it had been held that such a judgment lost its priority at the end of the five year period and that in order to protect himself such an execution plaintiff had to concurrently issue a writ of scire facias to revive. *Davis v. Ehrman*, 20 Pa. 256; *Citizens Bank of Barnsboro, to use, v. Variali*, 18 Pa. D. & C. 315. However, Section 7(a) is not so limited and we should not be justified in reading such a limitation into the statute. Had that been the intention of the legislature it would have been a simple thing to have said that any lien obtained by docketing and indexing an execution should

continue only until the execution procedure was completed, but the statute specifically says that such a lien "shall continue only for a period of *five years* from the indexing of the execution." (Emphasis added)

Order affirmed.